UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| BRANDEN LABARGE, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 16-251-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| J. RAY ORMOND, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

Federal inmate Branden LaBarge has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking to challenge the imposition of disciplinary sanctions. [Record No. 1] However, contrary to LaBarge's contentions, the Bureau of Prisons acted in conformity with the requirements of due process. As a result, his petition will be denied.

Officer Getz was escorting LaBarge to his newly-assigned cell in the segregation unit on the afternoon of March 21, 2015. Upon arriving at the "C-Upper range" in segregation, LaBarge stopped and refused to walk to his assigned cell. According to Getz, when he gave LaBarge a direct order to enter the cell, LaBarge turned his head towards Getz and stated he was "gonna f\*\*k [you] up if [you] try to put him in the cell!" When Getz ordered LaBarge to not resist the escort, LaBarge turned "in an aggressive manner" and attempted to break free. LaBarge was subdued and then taken to the medical department for an examination.

-1-

Getz issued an Incident Report charging LaBarge with Threatening Another with Bodily Harm, a Code 203 offense, and Refusing to Work or Accept a Program Assignment, a Code 306 offense. [Record No. 10-5 at 1] After a brief hearing, the Unit Disciplinary Committee referred the charges to a Disciplinary Hearing Officer ("DHO") for decision. *Id.* at 2-3.

LaBarge was advised on March 23, 2015, that the charges had been referred to the DHO. LaBarge refused to sign the form acknowledging receipt of the notice advising him of the charges and advising him of his rights at the hearing. That form indicates that LaBarge did not request a staff representative for the DHO hearing, nor did he request any witnesses. [Record No. 10-5 at 4-6]

The DHO held a hearing regarding LaBarge's charges on April 2, 2015. The DHO Report indicates that, at the outset of the hearing, LaBarge was advised of his rights and waived his right to a staff representative and to present witness testimony. *Id*. at 7. Responding to the charges, LaBarge testified:

> They were trying to put me in a cell with a white guy... he's effectively black. You can't do that. They guy said I can't do that, I'm a blood. They got perturbed. They brought us back up the stairs. I said Getz I can't go in there. They tried to put me back in there. I refused the cell. He nudged my shoulder. I stepped with him. He took me down. They were trying to put me in cell 249.

LaBarge denied threatening officer Getz in any way in response to further questioning by the DHO. [Record No. 10-5 at 7]

The DHO concluded that the reporting officer's description of the events was more credible than the characterization offered by LaBarge. He therefore found LaBarge guilty of both offenses, although he modified the Code 306 offense for

Refusing to Work or Accept a Program Assignment to a Code 307 offense for Refusing to Obey an Order to more closely reflect the conduct at issue. *Id*. at 8-9. The DHO imposed various sanctions including disallowance of 27 days of good conduct time for the Code 203 offense and disallowance of 13 days of good conduct time for the Code 307 offense. The DHO noted that LaBarge had an extensive history of disciplinary infractions, including for refusing to obey an order, fighting, possession of alcohol or drugs, and possession of a weapon. [Record No. 10-5 at 10]

LaBarge now contends that his due process rights were violated because the DHO did not honor his request that testimony be received from "Burke," the inmate in the cell to which he was to be placed, and that video footage of the incident be reviewed. [Record No. 1 at 6-7] He alleges that officer Getz lied about him resisting the escort; Getz severely injured him when he was thrown to the ground; and he immediately told "at least a dozen" officers nearby that he wanted videotape evidence preserved. In summary, LaBarge alleges that both officer Getz and the DHO lied in their respective reports about whether he wished to present this evidence. [Record No. 1-1 at 2, 5] LaBarge further claims that he told the investigating officer, Counselor B. Roberts, that he wanted inmate Burke - whom he indicates witnessed the incident - to testify and that he wanted video footage of the incident reviewed by the DHO. [Record No. 1-1 at 3, 5] But the forms completed by Roberts show just the opposite: LaBarge requested neither representation nor witnesses. [Record No. 10-5 at 4-6] LaBarge also suggests that he was justified in refusing to enter the cell because doing so would have been dangerous to him in light of his intended cellmate's race and gang affiliations. [Record No. 1-1 at 7-8]

When a prison disciplinary board takes action that results in the loss of good time credits in which a prisoner has a vested liberty interest, the Due Process Clause requires prison officials to observe certain protections for the prisoner. Specifically, the prisoner is entitled to advance notice of the charges, the opportunity to present evidence in his or her defense, whether through live testimony or documents, and a written decision explaining the grounds used to determine guilt or innocence of the offense. *Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974). Further, the board's findings used as a basis to revoke good time credits must be supported by some evidence in the record. *Superintendent v. Hill*, 472 U.S. 445, 454 (1985); *Selby v. Caruso*, 734 F. 3d 554, 559 (6th Cir. 2013).

LaBarge contends only that he was denied the opportunity the present evidence in his defense through the testimony of Burke and the videotape of the incident, assuming one exists. [Record No. 1-1 at 4-5] The question is not, as LaBarge posits, whether the evidence he requested was material or whether the DHO nonetheless had grounds to refuse to consider it. In this case, both the UDC Counselor and the DHO clearly stated in the documentary record that LaBarge never requested this evidence at all [Record No. 10-5 at 4-6, 7], something LaBarge contends is false.

While an inmate's right to present evidence in his or her defense at a prison disciplinary hearing is not absolute, it must generally be permitted unless the evidence is irrelevant or cumulative or its presentation would interfere with or undermine the safe and orderly operation of the prison. *Howard v. U.S. Bureau of Prisons*, 487 F.3d 808, 813 (10th Cir. 2007) (citing *Wolff*, 418 U.S. at 566). However, that obligation is not triggered unless the inmate actually requests that the evidence be presented and

considered at the hearing. Both the UDC Counselor and the DHO expressly stated in their respective reports that LaBarge made no request for such evidence. [Record No. 10-5 at 4-6, 7] The only support for LaBarge's allegation that he did make such a request is his own statements to that effect.

When a reviewing court is provided only with the petitioner's "bald averments" that such evidence was requested and "cannot glean from the record a 'strong' inference that [petitioner] actually asked the DHO to review specific evidence ..." the Court may justifiably decide that the petitioner has failed to provide an adequate evidentiary foundation upon which to conclude that his right to present evidence in his defense was disregarded. Cf. *Tigert v. Higgins*, 290 F. App'x. 93, 100 (10th Cir. 2008); *see also Whitmore v. Parker*, 484 F. App'x 227, 237 (10th Cir. 2012). The record in this case squarely contradicts LaBarge's contention that he requested this evidence, and there is no basis to suppose that the source of that record, the UDC Counselor and the DHO, falsified or fabricated that record. Based on the foregoing analysis, the Court concludes that LaBarge's due process rights were fully observed, and his habeas petition fails to establish grounds for relief.

Finally, the Court notes that LaBarge's subjective belief that placing him in the cell was unsafe or improper provides no defense to his disciplinary conviction, as such assignments are matters to be determined by officials who run the prison, not the inmates confined within it. *Tigert* at 101 (citing *United States v. Price*, 444 F.2d 248, 250 (10th Cir. 1971) (where prisoner did not deny physically resisting a correctional officer's order but "insist[ed] that the order was unjust and thus unlawful," the court held that the prisoner's defense was "patently untenable" because "[j]ust or unjust" the

order was made and "the remedy to test justification of an order ... lies within the administrative processes at the institution and not in the prisoner's subjective choice to physically resist."). Accordingly, it is hereby

**ORDERED** as follows:

1. LaBarge's petition for a writ of habeas corpus [Record No. 1] is **DENIED**.

2. A corresponding Judgment will be entered this date.

3. This matter is **DISMISSED** and **STRICKEN** from the docket.

This 5th day of September, 2017.

Signed By:
Danny C. Reeves  DCR
United States District Judge